UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:26-CR- 206 |
| v. | : | (Judge Mehalchick |
| JASON LOZADA, a/ka, "Philly J," MICHAEL RINALDI, RYAN KEHOE, MICHELLE HALL, WILLIAM MILLER, a/k/a, "Billy," DYLAN MOHR, KEITH SASSAMAN, and MELISSA BUTLER, | : | FILED SCRANTON SEP 15, 2026 PER DEPUTY CLERK |
| Defendants. | : | |

INDICTMENT

THE GRAND JURY CHARGES:

COUNT 1
21 U.S.C. § 846
(Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance)

From in or about August 2025, to in or about September 2026, within the Middle District of Pennsylvania and elsewhere, the defendants,

JASON LOZADA,
a/ka, "Philly J,"
MICHAEL RINALDI,

RYAN KEHOE
MICHELLE HALL
WILLIAM MILLER
a/k/a, "Billy,"
DYLAN MOHR
KEITH SASSAMAN, and
MELISSA BUTLER,

knowingly and intentionally combined, conspired, confederated, and agreed with each other and other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

THE GRAND JURY FURTHER CHARGES:

## COUNT 2

21 U.S.C. § 841(a)(1)
(Distribution and Possession with Intent to Distribute a Controlled Substance)

On or about March 6, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

KEITH SASSAMAN,

knowingly and intentionally distributed and possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

**COUNT 3**
21 U.S.C. § 841(a)(1)
(Distribution and Possession with Intent to Distribute Controlled Substances)

On or about March 10, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

**KEITH SASSAMAN,**

knowingly and intentionally distributed and possessed with intent to distribute methamphetamine, a Schedule II controlled substance, and fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

COUNT 4
21 U.S.C. § 841(a)(1)
(Distribution and Possession with Intent to Distribute a Controlled Substance)

On or about March 13, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

DYLAN MOHR,

knowingly and intentionally distributed and possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

COUNT 5
21 U.S.C. § 841(a)(1)
(Distribution and Possession with Intent to Distribute Controlled Substances)

On or about March 20, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

DYLAN MOHR,

knowingly and intentionally distributed and possessed with intent to

distribute methamphetamine, a Schedule II controlled substance, and fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

COUNT 6
21 U.S.C. § 841(a)(1)
(Distribution and Possession with Intent to Distribute a Controlled Substance)

On or about March 24, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

**DYLAN MOHR,**

knowingly and intentionally distributed and possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

<u>COUNT 7</u>
21 U.S.C. § 841(a)(1)
(Distribution and Possession with Intent to Distribute a Controlled Substance)

On or about March 30, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendants,

RYAN KEHOE,
WILLIAM MILLER,
a/k/a, "Billy," and
KEITH SASSAMAN,

knowingly and intentionally distributed and possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

<u>COUNT 8</u>
18 U.S.C. § 924(c)
(Carrying a Firearm During and in Relation to a Drug Trafficking Crime)

On or about March 30, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendants,

RYAN KEHOE,

WILLIAM MILLER,
a/k/a, "Billy," and
KEITH SASSAMAN,

knowingly used and carried a firearm, that is, a two-tone Smith & Wesson 9mm handgun bearing Serial Number DUD2299, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, distribution and possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

THE GRAND JURY FURTHER CHARGES:

COUNT 9
21 U.S.C. § 841(a)(1)
(Distribution and Possession with Intent to Distribute a Controlled Substance)

On or about May 5, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

DYLAN MOHR,

knowingly and intentionally distributed and possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

**COUNT 10**
18 U.S.C. § 924(c)
(Carrying a Firearm During and in Relation to a Drug Trafficking Crime)

On or about May 5, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

**DYLAN MOHR,**

knowingly used and carried a firearm, that is, a two-tone Lorcin Model L9MM handgun bearing Serial Number L027246, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, distribution and possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

THE GRAND JURY FURTHER CHARGES:

COUNT 11
21 U.S.C. § 841(a)(1)
(Distribution and Possession with Intent to Distribute a Controlled Substance)

On or about May 26, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

**DYLAN MOHR,**

knowingly and intentionally distributed and possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

COUNT 12
18 U.S.C. § 924(c)
(Carrying a Firearm During and in Relation to a Drug Trafficking Crime)

On or about May 26, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

**DYLAN MOHR,**

knowingly used and carried a firearm, that is, a Berretta Model 21A .22 caliber handgun bearing Serial Number BES 03199U, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, distribution and possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

THE GRAND JURY FURTHER CHARGES:

COUNT 13
21 U.S.C. § 841(a)(1)
(Distribution and Possession with Intent to Distribute a Controlled Substance)

On or about July 8, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

KEITH SASSAMAN,

knowingly and intentionally distributed and possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

COUNT 14
21 U.S.C. § 841(a)(1)
(Distribution and Possession with Intent to Distribute Controlled Substances)

On or about July 14, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

KEITH SASSAMAN,

knowingly and intentionally distributed and possessed with intent to distribute methamphetamine, a Schedule II controlled substance, and fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

COUNT 15
21 U.S.C. § 841(a)(1)
(Distribution and Possession with Intent to Distribute a Controlled Substance)

On or about July 22, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendants,

RYAN KEHOE, and
MELISSA BUTLER,

knowingly and intentionally distributed and possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

COUNT 16
21 U.S.C. § 841(a)(1)
(Distribution and Possession with Intent to Distribute a Controlled Substance)

On or about July 24, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

WILLIAM MILLER,
a/k/a, "Billy,"

knowingly and intentionally distributed and possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

<u>COUNT 17</u>
21 U.S.C. § 841(a)(1)
(Possession with Intent to Distribute a Controlled Substance)

On or about July 25, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

RYAN KEHOE,

knowingly and intentionally possessed with intent to distribute methamphetamine, a Schedule II controlled substance, and fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

<u>COUNT 18</u>
18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

Beginning on or about a date currently unknown to the Grand Jury, but no earlier than in or around August 2025, and continuing through on or about July 25, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

RYAN KEHOE,

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, a Cobra Enterprise 38 special model CB38 handgun bearing serial number CT098633, said firearm having been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

THE GRAND JURY FURTHER CHARGES:

COUNT 19
21 U.S.C. § 841(a)(1)
(Distribution and Possession with Intent to Distribute a Controlled Substance)

On or about August 13, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendants,

JASON LOZADA,
a/k/a, "Philly J," and
MICHAEL RINALDI,

knowingly and intentionally distributed and possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and

(b)(1)(C), and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

COUNT 20
21 U.S.C. § 841(a)(1)
(Distribution and Possession with Intent to Distribute a Controlled Substance)

On or about August 24, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

MICHAEL RINALDI,

knowingly and intentionally distributed and possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

COUNT 21
21 U.S.C. § 841(a)(1)
(Distribution and Possession with Intent to Distribute a Controlled Substance)

On or about August 31, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

MICHAEL RINALDI,

knowingly and intentionally distributed and possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

<u>FORFEITURE ALLEGATION</u>

The allegations contained in Counts 1 through 21 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

Upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 924(c), the defendants,

JASON LOZADA,<br>
a/ka, "Philly J,"<br>
MICHAEL RINALDI,<br>
RYAN KEHOE<br>
MICHELLE HALL<br>
WILLIAM MILLER<br>
a/k/a, "Billy,"<br>
DYLAN MOHR<br>
KEITH SASSAMAN, and<br>
MELISSA BUTLER,

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to the following:

a. a two-tone Smith & Wesson 9mm handgun bearing Serial Number DUD2299;

b. a two-tone Lorcin Model L9MM handgun bearing Serial Number L027246;

c. a Berretta Model 21A .22 caliber handgun bearing Serial Number BES 03199U;

d. a Cobra Enterprise 38 special model CB38 handgun bearing serial number CT098633; and

e. ammunition and magazines.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a

third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

[redacted]

BRIAN D. MILLER
United States Attorney

KYLE A. MORENO
Assistant United States Attorney

September 15, 2026
Date